IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COTTONWOOD ACRES, LLC., a limited liability company,<br><br>                        Plaintiff,<br>v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, a Nebraska Corporation,<br><br>                        Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00680-TC-DBP<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on competing motions that pertain to the same issue: whether Defendant must produce "all documents" supporting its defenses before deposing P. Robert Augason, who is Plaintiff's sole member and manager. Plaintiff and Mr. Augason argue Defendant has failed to comply with its duties under Rule 26(a)(1) to provide initial disclosures and they seek a protective order postponing the deposition until the discovery is complete and certified. (ECF No. 13.) In contrast, Defendant moves for a protective order and extension of time permitting it to respond to Plaintiff's First Set of Discovery Requests after the deposition of Mr. Auguason occurs. (ECF No. 16.)[1] In essence, this is a dispute about who must go first. The court looks to the requirements of Rule 26 and finds that Defendant need not produce a complete production of every document before deposing Mr. Augason.

Rule 26(a)(1) pertains to initial disclosures and the duties of the parties to independently provide certain discovery without a discovery request. It states:

---

[1] The court notes that there has been no opposition filed yet to Defendant's motion. Ordinarily the court does not rule on a motion until an opposition is filed. However, based on the parties' stated urgency to the court (ECF No. 12.) and the fact that the motions are competing motions addressing the same issue, the court enters an order addressing the parties' dispute because functionally, all arguments are before the court.

    (a) Required Disclosures.

        (1) Initial Disclosure.

            (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

            (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

            (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

            ….

Fed. R. Civ. P. 26(a)(1).

    Defendant asserts it has complied with its Rule 26(a)(1) requirements and points to the language of the Rule itself which allows for "a description by category and location—of all documents [it] may use to support its claims or defenses." In contrast, Plaintiff argues Defendant must "certify it searched reasonably diligently and has produced 'all documents' supporting its defenses, per Rule 26(a)(1)." (ECF No. 13 at p. 3.) Plaintiff is entitled to see Defendant's proof Plaintiff continues, before attending any deposition. Moreover, Mr. Auguason could be deposed as a Rule 30(b)(6) witness and in his own capacity later.

    The plain language of Rule 26 does not support Plaintiff's arguments. There is no requirement in Rule 26 that a party must produce "all documents" supporting its defenses. Rather, it is proper to provide a "description by category and location" of all documents it *may* use to support its claims or defenses. Plaintiff points to *Owners Ins. Co. v. Dockstader*, 2019 WL 1206886, at *3 (D. Utah Mar. 14, 2019), in arguing Defendant has the burden of proof on the

dispositive issues, thus it follows, that Defendant must produce "all documents" supporting its claims or defenses. Plaintiff's reading of *Owners Ins. Co.* is too broad. The *Owners* court noted the following framework applicable in insurance cases such as this one:

> Under Utah law, "[a]n insurance policy is merely a contract between the insured and the insurer and is construed pursuant to the same rules applied to ordinary contracts." *Alf v. State Farm Fire & Cas. Co.*, 850 P.2d 1272, 1274 (Utah 1993). The insured bears the initial burden of showing that there is coverage for a particular claim under the policy. *See Utah Farm Bureau Ins. v. Dairyland Ins.*, 634 F.2d 1326, 1328 (10th Cir. 1980). The insurer then bears the burden of proving by a preponderance of the evidence that an exclusion to coverage applies. *LDS Hosp. v. Capitol Life Ins.*, 765 P.2d 857, 859-60 (Utah 1988).

*Owners Ins. Co.* 2019 WL 1206886, at *3.

While it is true that an insurer bears the burden of proving by a preponderance of the evidence that an exclusion to coverage applies, an insurer is not required to make that showing in initial disclosures. Thus, Plaintiff's logic fails.

The court therefore DENIES Plaintiff's Motion for Protective Order and GRANTS Defendant's Motion for Protective Order. The deposition of Mr. Augason may proceed prior to Defendant answering Plaintiff's First Set of Discovery Requests and there is no requirement under Rule 26(a)(1) to produce "all documents" prior to the deposition.

IT IS SO ORDERED.

DATED this 9 February 2023.

_____
Dustin B. Pead
United States Magistrate Judge