IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COTTONWOOD ACRES, LLC., a limited liability company,<br><br>Plaintiff,<br>v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, a Nebraska corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00680-TC-DBP<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Cottonwood Acres, LLC, moves the court for leave to file a Second Amended Complaint. (ECF No. 23.) Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Here, the court finds that leave to amend should be granted. Thus, the court grants Plaintiff's motion.

## BACKGROUND

Plaintiff Cottonwood Acres brings this suit alleging Defendant failed to provide insurance coverage owed under a title insurance policy. Cottonwood obtained some land from a third-party based on a final judgment entered by the Third District Court for Salt Lake County. That court authorized the transfer and empowered a signatory to sign as trustee. The signatory then conveyed the land. Concerned about the signatory's authority to transfer the land, and supposing the possibility that someone might challenge that authority, Cottonwood obtained title

insurance from Defendant. The Third District Court then vacated the judgment finding it was improperly issued and declared the transaction whereby Cottonwood acquired title to the land null and void. Following a series of events, Cottonwood deeded the property back to the original owner.

As a result of what occured, Cottonwood claims it lost millions of dollars' worth of land. Cottonwood sought reimbursement pursuant to the policy from Defendant and Defendant denied the claim. This suit followed.

## LEGAL STANDARDS

The court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the court may deny leave in its discretion if there is "undue delay, undue prejudice to the opposing party, ... or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).

When examining undue delay courts in this circuit focus should focus on the adjective undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). To this end, courts focus "primarily on the reasons for delay." *Id.* at 1206.

"The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Id.* at 1207. "Rule 15 ... was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v. Hougham*, 364 U.S. 310, 316 (1960). *See also Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir.1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid claim ..., provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." (internal quotation marks omitted)).

Futility of amendment applies if a claim would not survive a motion to dismiss. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). The court, therefore, analyzes a motion to amend through a motion-to-dismiss lens: It takes all "well-pleaded facts" as true but need not consider "[t]hreadbare recitals of the elements," "mere conclusory statements," and "legal conclusion[s] couched as fact." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Further, although all reasonable inferences are drawn in the plaintiff's favor, ultimately the proposed complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

## DISCUSSION

The Federal Rules provide that the "court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a). The purpose of the Rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982). In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182, 83 S.Ct. 227 (quoting Fed.R.Civ.P. 15(a).

Plaintiffs proposed Second Amended Complaint "adds a declaratory judgment claim and related allegations regarding Defendant's recent change in position on the scope of coverage." (ECF No. 23 p. 2.) The claim denial letter states:

> First American makes is coverage determination based upon a reading of the Counterclaim, as if the assertions therein were proved true, a review of the file,

> and terms and conditions of the Policy. As explained in greater detail below, my initial analysis of the Counterclaim is that the Counterclaim does appear to affect title to the Property. However, the Counterclaims if proven true, appear to fall within the exclusionary language of the Policy.

Ex. A proposed Second Amended Complaint p. 25.

According to Plaintiff, Defendant took the position in the claim denial letter that there is coverage and that certain exclusions apply, i.e., Plaintiff's claims do fall within the scope of the policy but are precluded by certain exclusions. Yet, in this litigation, Defendant then contested whether Plaintiff's claims even fall within the scope of the policy's insuring clause. Given this change in position, Plaintiff seeks a "declaratory judgment that Defendant has waived, or is estopped from making, the argument that the loss falls outside the scope of coverage." (ECF No. 23 p. 2.)

As noted by Defendant, requests for declaratory or injunctive relief as a separate cause of action are misplaced and therefore do not form a proper basis for amendment. "'[R]equests for declaratory or injunctive relief are actually remedies for other alleged causes of action and do not qualify as causes of action on their own.'" *Hodge v. Ocwen Loan Servicing,* No. 2:11-CV-00837-DN, 2012 WL 1434887, at *6 (D. Utah Apr. 25, 2012) (quoting *Hoverman v. CitiMortgage, Inc.*, No. 2:11-CV-00118-DAK, 2011 WL 3421406, at *10 (D. Utah Aug. 4, 2011)). Plaintiff seeks to distinguish this precedent arguing the court should construe its declaratory judgment claim as one for estoppel.

Plaintiff frequently refers to estoppel in the proposed amended Third Cause of Action for declaratory judgment. For example, Plaintiff asserts the following:

> 80. Under Utah law, the doctrines of waiver and estoppel are applicable to preclude insurers from denying coverage or asserting a coverage defense when the insurers' prior conduct is inconsistent with the insurers' later asserted position. *See The Doctors' Co. v. Drezga*, 218 P.3d 598 (Utah 2009); *Youngblood v. Auto-Owners Ins. Co.*, 158 P.3d 1088 (Utah 2007).

…

84. Equitable estoppel "reflects circumstances where it is not fair for a party to represent facts to be one way to get the other to agree, and then change positions later to the other's detriment." *Youngblood*, 158 P.3d at 1092.

85. Equitable estoppel requires "(1) a statement, admission, act or failure to act by one party inconstant with a claim later asserted; (2) reasonable action or inaction by the other party taken or not taken on the basis of the first party's statement, admission, act or failure to act; and (3) an injury to the second party that would result from allowing the third party to contradict or repudiate such statement, admission, act or failure to act."

86. The Utah Supreme Court has recognized that the doctrine of estoppel may be applied to modify terms of an insurance policy when the insurer or its agent makes material misrepresentations as to the scope of coverage, the insured acts with prudence and reasonable reliance upon those misrepresentations and the reliance results in injury or prejudice to the insured. *See Youngblood*, 158 P.3d at 1094.

87. First American is estopped from asserting or otherwise taking the position that Cottonwood Acres's claim does not fall within the insuring clause of the Policy.

88. First American waived the position that Cottonwood Acres's claim does not fall within the insuring clause of the Policy.

(ECF No. 23-1 p. 16-18.)

Based on this plain language, and the Utah Supreme Court case of *Youngblood v. Auto-Owners Ins. Co.*, 2007 UT 28, ¶ 25, 158 P.3d 1088, 1094, where "Estoppel may be applied to modify terms of an insurance policy when [certain conditions are met]", the court is persuaded to construe Plaintiff's declaratory judgment cause of action as one for estoppel. Thus, it is not futile on its face and can be added to the Complaint.

In similar fashion, the court is not persuaded that the proposed amendment concerning an alleged breach of the implied covenant of good faith and fair dealing is futile or redundant. This amendment is based on allegations of Defendant changing positions during this litigation. Defendant disputes the allegation that it changed positions and cites to the well-established

principle that a plaintiff "has the burden to show coverage, and the defendant has the burden to establish any exception or exclusion from that coverage." (ECF No. 24 p. 2.) Yet, a breach of the implied covenant of good faith and fair dealing potentially impacts this well-established principle. In essence, Plaintiff claims Defendant denied coverage for one reason and then added an additional broader reason during this litigation. Plaintiff also points to the duty Defendant had to fairly evaluate the insurance claim arguing it failed to do so.

The court is mindful that it must consider Plaintiff's proposed amended complaint against the backdrop of the legal standards set forth above. There is no undue delay, or undue prejudice to Defendant by allowing this claim. And in considering the breach of the implied covenant of good faith and fair dealing through the motion-to-dismiss lens, there are enough facts that create a plausible claim that Defendant potentially violated its duties in evaluating Plaintiff's insurance claim. A plaintiff should not be prevented from pursuing a potentially valid claim, *see Evans*, 936 F.2d at 1090-91, and the court is not persuaded that this claim is futile or redundant. Accordingly, amendment will be allowed.

## ORDER

For the reasons set forth above, Plaintiff's Motion to Amend is GRANTED.

IT IS SO ORDERED.

DATED this 14 July 2023.

_____
Dustin B. Pead
United States Magistrate Judge